# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **PAUL FOLSOM,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:08-cv-117 |
| **DO-ALL TRAPS, LLC** | : | |
| Defendant. | : | |

## ORDER

### I. INTRODUCTION

This case was removed from the State Court of Lowndes County, Georgia, to this Court on August 22, 2008. Consistent with the practices of this Court, the Notice of Removal was subjected to an initial review. Following review of the Notice of Removal, the Court directs Defendant to amend consistent with the following.

Plaintiff, Paul Folsom, filed an action for products liability in the State Court of Lowndes County, Georgia, on July 14, 2008. The complaint stated Plaintiff was a resident of the State of Georgia. Plaintiff named Do-All Traps, LLC, as a Defendant. Plaintiff sought both compensatory and punitive damages. Thereafter, Defendant filed the Notice of Removal at issue here, alleging diversity jurisdiction. Specifically, Defendant alleges Plaintiff is a citizen of the State of Georgia and that

1

Defendant is a Tennessee limited liability company.[1]

## II. DISCUSSION

A civil action "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C.A. § 1441(a) (West 2006). District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a) (West 2006). For purposes of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business. 28 U.S.C.A. § 1332(c)(1) (West 2006). Thus, pursuant to 28 U.S.C.A. § 1332, a corporation may be deemed to be a citizen of more than one state.

The citizenship of a limited liability company is not determined in the same manner as a corporation, however. In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization. Rolling Greens MHP v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022. And, therefore, like a corporation, a limited liability company could be deemed a citizen of more than one

---

[1] In the Notice of Removal Defendant mistakenly refers to Plaintiff as a limited liability corporation.

state.

Additionally, with regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purses of diversity jurisdiction. McCormick v. Anderhold, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Further, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Thus, mere residency is not enough to establish citizenship for diversity jurisdiction.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). Furthermore, a defendant removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. Rolling Greens MHP, 374 F.3d at 1022 (citing Williams v. Best Buy Co., Inc. 269 F.3d 1316, 1318 (11th Cir. 2001)). To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. Id.

In examining the jurisdictional allegations presented in the Notice of Removal, the Court finds they are lacking. Specifically, Defendant, a limited liability company, neither identified the citizenship of each of its members nor plead the Plaintiff's

citizenship. As a result, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Notice of Removal fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Defendant should be allowed to amend to correct the deficiencies noted. Accordingly, Defendant shall have twenty days from the date of entry of this Order in which to file an amendment that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in remand for lack of jurisdiction.

III. CONCLUSION

For the aforementioned reasons, Plaintiff shall have twenty (20) days from the entry of this Order to correct the deficient allegations of citizenship.

**SO ORDERED**, this the 27th day of August, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

wjc